**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| NORCAVE PROPERTIES, LLC,         ) | |
| )                                    | |
| Petitioner,                    ) | |
| v.                                 ) | Case No. 1:23-mc-23 SEP |
| )                                    | |
| UNITED STATES OF AMERICA,   ) | |
| )                                    | |
| Respondent.                   ) | |

### MEMORANDUM & ORDER

Before the Court is Petitioner Norcave Properties, LLC's motion to quash certain third-party summonses issued by the Internal Revenue Service in connection with an audit of a charitable deduction. Doc. [1]. Respondent United States of America moves to dismiss the petition to quash. Doc. [15]. Both motions are fully briefed. For the reasons set forth below, Petitioner's motion is denied, and Respondent's motion is granted.

### BACKGROUND

Petitioner Norcave Properties is a Missouri limited liability company founded in 2017 and is treated as a partnership for federal tax purposes. Doc. [16] at 1. Nonparty TC Investors, LLC, holds a 99% ownership stake in Norcave Properties. *Id*. Petitioner filed a partnership tax return for the 2017 tax year, which it claimed as its initial year tax return, i.e., a return filed by a new business entity to report its first taxable year. *Id*. Petitioner also characterized its partnership tax return for the year ending December 31, 2018, as its initial year tax return. *Id*.

Petitioner later claimed that its 2017 partnership return was filed in error and that its 2018 return correctly claimed the 2018 tax year as its initial taxable year. *Id*. at 1-2. In a Form 8886, *Reportable Transaction Disclosure Statement*, filed for the 2018 tax year, Petitioner stated that The Reserve at Welsh, LLC, was its initial member, and that The Reserve at Welsh's initial capital contribution was approximately 232.13 acres of real property in Jefferson Davis Parish, Louisiana (the Property), contributed on December 19, 2017. *Id*. at 2. On its 2018 tax return, however, Norcave Properties reported that it had purchased the Property for $1,019,553 in 2016. *Id*. On December 21, 2018, Norcave Capital Investments, LLC, purchased from Norcave Holdings, LLC, a 97.8% majority interest in Norcave Properties for $9,045,948 and became the partnership representative for Norcave Properties. *Id*.

1

On December 27, 2018, Petitioner granted a conservation easement on the Property to the Atlantic Coast Conservancy, Inc. *Id.* For that easement, Petitioner claimed a charitable contribution deduction in the amount of $108,490,000 on its 2018 tax return. *Id.* The donation was part of a syndicated conservation easement transaction. *Id.* Certain syndicated conservation easement transactions have been identified by the IRS as tax avoidance transactions. *See* IRS Notice 2017-10. Petitioner reported its participation in the transaction on IRS Form 8886, *Reportable Transaction Disclosure Statement*. *Id.*

The IRS is auditing Norcave Properties' 2018 federal tax return. *Id.* There are several open issues in the audit:

1. Whether Norcave Properties is a bona fide partnership that should be respected for tax purposes;

2. Correct sales dates for sales of membership interests in Norcave Properties;

3. The accuracy of Norcave Properties' tax return, and the tax liabilities of Norcave Properties and its partners;

4. Whether Norcave Properties' purported conservation easement transaction and claimed charitable contribution deduction are valid for federal tax purposes; and

5. The applicability of penalties at the partnership level.

*Id.* at 2-3. Beginning December 15, 2020, the IRS, through its Agent Lijia Wu, issued 15 separate information document requests to Norcave Properties. Doc. [1] at 3. Petitioner timely responded and provided over 9,000 pages of documents in response. *Id.* at 14.

After the audit began, the IRS informed Petitioner that third-party summonses could also be issued. *Id.* at 7. The IRS issued 37 third-party summonses to individuals and entities. *Id.* Norcave Properties, under 26 U.S.C. § 7602(a), moves this Court to quash the summonses issued to ten entities: The Reserve at Welsh, LLC; Reserve at Welsh Mineral Co.; MCW Realty Investors Inc.; Norcave Holdings, LLC; Legacy Mining Company, LLC; Beussink Hey & Roe; Sarah Miget; Armstrong Teasdale, LLP; Vogel Law Office; and Paul L. Vogel.[1] *Id.* at 1.

---

[1] Petitioner also sought to quash ten other summonses in the Northern District of Georgia. That court quashed certain summonses on the grounds that notice to Norcave Properties was untimely and declined to quash others. *Norcave Props., LLC v. United States of America*, Case Nos. 1:23-cv-05121-LMM & 4:23-cv-277-LMM, Doc. [24] (N.D. Ga. July 9, 2024).

2

**LEGAL STANDARD**

The IRS is "authorized and required to make the inquiries, determinations, and assessments of all taxes" imposed by the Internal Revenue Code. 26 U.S.C. § 6201(a). To fulfill this obligation, Congress has given the IRS broad authority to "examine any books, papers, records, or other data which may be relevant or material" to "determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a); *see also United States v. Clarke*, 573 U.S. 248, 250 (2014). The IRS issued its summonses pursuant to that statutory authority.

When a summons is challenged, a district court applies the standard announced in *United States v. Powell*, 379 U.S. 48 (1964). If the United States petitions to enforce an IRS summons, it bears the initial burden of satisfying *Powell*'s four-part test, *United States v. Lask*, 703 F.2d 293, 297 (8th Cir. 1983), which requires a "minimal showing" and "can be demonstrated by the affidavit of an IRS agent," *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980).[2] The burden then shifts to the opposing party to disprove the Government's case or otherwise establish that enforcement would constitute an abuse of process. *Id.*; *see also Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004); *United States v. Claes*, 747 F.2d 491, 494 (8th Cir. 1984).

If a summons comes before a court pursuant to an opposing party's petition to quash, the United States need not cross-petition to enforce; instead, it may seek dismissal. *See Knauss v. United States*, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998). At least one court has held that the *Powell* test does not apply where the government moves to dismiss a petition to quash a summons. *Id.* "Instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons." *Id.*

**DISCUSSION**

Although the Government maintains that it need not establish that the summonses are valid under *Powell* because it has moved to dismiss,[3] it nonetheless argues that the Court should deny the motion to quash and grant its motion to dismiss because it easily satisfies the *Powell* factors: "(1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry

---

[2] The Government's briefing is supported by the affidavit of Agent Wu. *See* Doc. [17].

[3] The Court need not decide whether the Government bears the burden of satisfying *Powell*, as it agrees with the Government that the factors are plainly met under the circumstances present here.

3

may be relevant to the purpose; (3) the information sought is not already within the [IRS's] possession; and (4) the administrative steps required by the [Internal Revenue] Code have been followed." *Powell*, 379 U.S. at 57-58 (citation modified).

I. **The *Powell* factors all favor the Government's position.**

    A. **The summonses serve a legitimate purpose.**

Petitioner argues that the summonses cannot possibly serve a legitimate purpose because the IRS has already determined the applicable tax liability and penalties for Petitioner. On February 7, 2024—several months after the Petition was filed in this matter and just before the government filed its motion to dismiss—Agent Wu issued her "Preliminary Partnership Examination Changes and Imputed Underpayment" (Summary Report) to Petitioner. Petitioner maintains that because the IRS has concluded its examination and determined its tax liability, the summonses could have no further purpose.

The government disputes that the Summary Report erases the legitimate purpose behind the summonses. It argues that the information sought by the summonses may shed light upon the correctness of Norcave Properties' 2018 tax return, and that remains true despite the issuance of the Summary Report. The Court agrees. *See United States v. Hefti*, 879 F.2d 311, 315 (8th Cir. 1989) ("issuance of a deficiency notice . . . [does not] terminate the validity of a summons under 26 U.S.C. § 7602(a)"). It is not for Petitioner to decide what the IRS needs to carry out its statutory mission, and the IRS need not accept Petitioner's assertion that it does not require the requested information to further its examination of the 2018 tax return. *See Standing Akimbo LLC v. United States*, 955 F.3d 1146, 1160 (10th Cir. 2020).

    B. **The information sought is relevant.**

Information is relevant if the material "*might* have thrown light upon the correctness of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15, n.11 (1984) (emphasis added). Petitioner argues that the summonses are overbroad and seek irrelevant information. The Government maintains that the parties summonsed by the IRS were involved with Petitioner's business operations. Those involved in Petitioner's business operations are likely to have information directly relevant to the issues under investigation. And the Government provides evidence that the information Petitioner has produced to the IRS—which Norcave insists is voluminous—includes conflicting and inconsistent information that the IRS has been unable to reconcile with Norcave Properties' 2018 tax return. The IRS states that it needs the

4

additional information sought by the summonses to complete its examination and confirm that petitioner's recordkeeping is complete and accurate. Where "the IRS need[s] the information requested to verify the accuracy" of information supplied by the taxpayer, and "the information provided by the [taxpayer] was incomplete and sketchy," an overbreadth argument is unavailing. *United States v. Berney*, 713 F.2d 568, 572 (10th Cir. 1983). Here, the inconsistencies and other concerns noted above could directly impact Norcave Properties' tax liability. Accordingly, the requests at issue are directly relevant to the matter under IRS examination.

### C. The information sought is not duplicative of information already in the IRS's possession.

Although Petitioner complains that it has already responded to the IRS's requests, the Government asserts that receipt of the documents from a disinterested third party is necessary to confirm the accuracy and completeness of Petitioner's production. Doc. [21] at 2. The Court agrees. The IRS has statutory authority to issue third-party summonses when there is a need to confirm information obtained during the taxpayer's examination. *See* 26 U.S.C. § 7802; *see also Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392-93 (9th Cir. 1985) (where taxpayer had produced bank records, IRS was still entitled to summons a copy from the bank to verify accuracy); *Twin Palms Resort, LLC ex rel. Harbour v. United States*, 676 F. Supp. 2d 1350, 1359 (S.D. Fla. 2009) ("[T]he IRS is entitled to obtain records from third parties to ascertain the accuracy of records already provided by the taxpayer.").[4]

## II.    Petitioner lacks standing to assert overbreadth on behalf of third parties.

Finally, Petitioner complains that the summonses are unduly overbroad and burdensome with respect to certain recipients. Petitioner lacks standing to raise such arguments, as a taxpayer challenging a summons cannot claim that third-party recipients would have difficulty complying. *See Miccosukee Tribe of Indians v. United States*, 698 F.3d 1326, 1332 (11th Cir. 2012). Such arguments are for the third party, not the taxpayer, to raise. *Id*.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Norcave Properties' Motion to Quash, Doc. [1], is **DENIED**.

---

[4] Because Petitioner does not argue that the IRS failed to follow the administrative steps required by the Internal Revenue Code, the Court does not address the fourth *Powell* factor.

5

**IT IS FURTHER ORDERED** that Respondent the United States of America's Motion to Dismiss, Doc. [15], is **GRANTED**.

Dated this 21st day of January, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE